IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Case No. AMD-01-0183 |
| | * | |
| Michael A. Wyche, | * | |
|        Defendant | * | |
| | * | |

\*\*\*\*   \*\*\*   \*\*\*\*

## MOTION FOR SENTENCE REDUCTION

COMES NOW, Defendant Michael A. Wyche, Pro Se and In Forma Pauperis and submits his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). In support of this motion, Defendant avers as follows.

### JURISDICTION

Pursuant to 18 U.S.C. § 3582(c)(2), upon motion of the Defendant, the Court may entertain a motion for sentence reduction when the United States Sentencing Commission has exercised its authority under 28 U.S.C. § 994(o) to lower a sentencing range. The Court may reduce the sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. On November 1, 2007, the United States Sentencing Commission lowered the guideline range for offenses related to cocaine base and provided that they became retroactive effective March 1, 2008. Thus, the jurisdiction of the Court is established.

### BACKGROUND OF THE CASE

Defendant was charged, and subsequently sentenced by the Honorable Federal District Court Judge Davis in the District of Maryland, on August 31, 2001 to a term of imprisonment of 120 months. Defendant pled guilty and was sentenced for possession with intent to distribute cocaine base in contravention to 21 U.S.C.

§ 841(A)(1). The government alleged the Defendant possessed more than 100 grams of cocaine base. The Defendant's review of the copy of the Presentence Investigative Report (PSR) maintained by the Federal Bureau of Prisons (BOP) is sub-silentio as to whether the received an enhancement for cocaine base, even though, his memory, from the sentencing hearing, supports a conclusion that he is eligible for relief from the U.S. Sentencing Commission's retroactive ruling attempting to mitigate the disparity between cocaine base and cocaine hydrochloride.

## LEGAL ARGUMENT

In addition to the reduction in the sentencing guidelines promulgated by the United States Sentencing Commission on November 1, 2007, and being retroactively applied effective March 1, 2008, the Defendant avers on remand, and reconsideration of his sentence under 18 U.S.C. § 3553(a), he is now eligible for discretionary sentencing under the strictures of United States v. Booker, 543 U.S. 220, CrL 251 (2005). As he was originally sentenced in 2001, he was sentenced under 18 U.S.C. § 3553(b) and upon remand, his sentence would be constitutionally infirm citing the Fourth Circuit's holdings in United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In addition, the United States Supreme Court recently issued its opinion in Kimbrough v. United States, No. 06-6330 and Gall v. United States, No. 06-7949, and these two cases apply to this case. The alleged drug weight greatly impacted the length of the Defendant's sentence during the sentencing phase of his conviction, as the government neither presented this information to a jury, nor met its "beyond a reasonable doubt;" evidentiary standard, Defendant sentence is constitutionally infirm under the Booker holdings, Id. The Court now has discretion under Kimbrough and Gall to fashion a "reasonable" sentence. Defendant avers that, upon remand, the Court could consider a sentencing range below the mandatory minimum 120 months because of the inherent discretion in Booker, Gall and Kimbrough. Certainly, in the post Booker era, the constellation of types and lenghts of sentencings would have an impact of the Defendant's plea bargaining process, the stipulated drug weight, and the U.S. Sentencing Commissions new realization that a significant disparity between cocaine base and cocaine hydrochloride need not be a radical as historically applied all work in the Defendant's favor. In this unique case, the Defendant's sentence is clearly unconstitutional as it was mettered under 18 U.S.C. § 3553(b) and the entire constellation of discretion, sentencing flexibility, and freedom to adjust the

drug weight down to a 1:1 ratio were not permissible, not within the nexus of options available to the Defendant in 2001. Thus, in order for the Defendant to be able to work through these issues and to ensure his sentence is constitutionally firm on resentencing, he respectfully requests appointment of counsel pursuant to 18 U.S.C. § 3006(A) to represent him in these matters. Defendant also requests expeditious handling of this case becase, with the current sentencing regime, he could certainly be a candidate for immediate release.

## RESENTENCING CONSIDERATIONS

As the Defendant was sentenced in 2001, upon remand, the Court, pursuant to 18 U.S.C. § 3582(c)(2), will apply the sentencing factors set forth in 18 U.S.C. § 3553(a). In fashioning a sentence the court must consider the § 3553(b) guideline range and the other factors set forth in § 3553(a). These include such factors as; (1) the nature and circumstances of the crime, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crime, (4) the need to provide the Defendant with vocational training, medical care, or correctional treatment in an effective manner, and (5) the type of sentences available.

Defendant has completed the 500 hour Residential Drug Abuse Program (RDAP) and the 40 hour non-residential program while incarcerated. He has been a model inmate, having no disciplinary infractions. Defendant has volunteered for and completed several community service projects including assisting the Red Cross of Maryland with their Christmas Light Display, Day Caring and Sharing and the Lavale Maryland Lions Club Chicken Bar-B-Ques and Christmas Tree Display. Defendant is currently working on Independant Study to become a real estate appraiser and has completed several classes in business management, accounting and finance. He has earned certification as a personal fitness trainer. The Defendant has availed himself of many self-improvement programs offered by the BOP. Defendant respectfully requests the Court reward him for his good performance when fashioning a sentence upon remand as many of the § 3553(a) factors the Court may now consider lean heavily in his favor. Defendant respectfully requests the Court fashion a revised sentence at or near the low end of the guideline range considering the constellation and nexus of guideline reductions available in Booker, Gall and Kimbrough, Id.

## CONCLUSIONS

For the reasons set forth herein, the Defendant respectfully requests that the court appoint counsel to represent him in these matters, and then grant the requested relief and sentence him in accordance with the U.S. Sentencing Commission's revised guidelines considering the U.S. Supreme Court's recent holdings in Kimbrough and Gall, Id.

I respectfully request that the court notice that I am an inmate, not trained in matters of law, and construe my pleading liberally.

I affirm, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and accurate to the best of my knowledge. Executed this 21ST day of April, 2008.

Respectfully submitted,

*Michael A. Wyche*
Michael A. Wyche, Pro Se

### Certificate of Service

I certify that on this 21ST day of April, 2008, a true and accurate copy of the foregoing was dispatched via firstclass, prepaid, U.S. Mail to each of the following parties of record.

United States Attorney
Office of the U.S. Attorney
36 S. Charles Street
Baltimore, MD  21201

*Michael A. Wyche*
Michael A. Wyche